I concur with the analysis and disposition of this case by the majority. I do, however, write separately regarding assignment I.A.
In Scott-Pontzer v. Liberty Mutual Fire Insurance Company, et al. (1999), 85 Ohio St.3d 660, 662, 666, the Ohio Supreme Court found that the exclusions in an insurance policy that have been written so as to apply to the coverage for liability do not pertain to underinsured motorist coverage inserted into a policy by operation of law.
The umbrella/excess liability policy at issue in Scott Pontzer
contained a declaration page and a definition page for liability coverage. Under 2. a. of the definitions it stated:
 2. Each of the following is also an insured Your employees, other than your executive officers; but only for acts within the scope of their employment by you. . . .
There was no declaration page or definition page for uninsured motorist coverage because none was offered.[1]
The Ohio Supreme Court found that Christopher Pontzer was entitled to underinsured motorist benefits under the umbrella/excess liability policy because he was an employee of the named insured, Superior Dairy, at the time Mr. Pontzer was killed in an automobile accident. Specifically, the Ohio Supreme Court found that ". . . there is no requirement in the umbrella policy that Pontzer had to be acting during the scope of his employment to qualify for underinsured motorist coverage."
The commercial umbrella policy in the case sub judice defines an insured to include:
 Any executive officer, director, other employee or stockholder of yours while acting within the scope of his duties as such.
Given the parallels in the policy language and the facts inScott-Pontzer and the case sub judice, I must conclude that Ronald Rohr is an insured under the commercial umbrella liability policy and is entitled to uninsured/underinsured motorist coverage inserted in that policy by operation of law even though he was not injured while acting in the scope of his duties as an employee of Fulfab, Inc.
[1] The information regarding the specific language of the umbrella/excess liability policy in Scott-Pontzer was taken from the Court of Appeals opinion because that language was not specifically set forth in the Ohio Supreme Court opinion. See Scott-Pontzer v. LibertyMut. Fire Ins. Co. (Jan. 20, 1998), Stark Case No. 1997CA00152, unreported, 1998 WL 516303.